# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:07-cr-90-DBH |
| | ) | |
| PHILJON EISOM, | ) | |
| Defendant | ) | |

## ORDER ON MOTIONS TO APPOINT COUNSEL AND REDUCE SENTENCE

The defendant Philjon Eisom has filed two motions seeking appointment of counsel in connection with this attempt to have his sentence reduced on account of the new crack cocaine penalties. Letter Mots. of Def. (Docket Items 60 & 61). But the retroactive amendment does not in fact benefit Eisom. At sentencing in 2008, Eisom was found responsible for 414.18 grams of crack cocaine and 60 grams of powder cocaine, which were then converted into a total drug quantity of 8,295.6 kilograms of marijuana equivalent. At that time, that drug quantity would have resulted in a Base Offense Level of 34 (3,000 to 10,000 kilograms of marijuana) but, pursuant to § 2D1.1 comment. n.10(D)(i), two levels were subtracted because the case involved both crack cocaine and at least one other type of drug. Thus, the Base Offense Level was 32. Eisom then received a 3-level reduction for acceptance of responsibility, which resulted in a Total Offense Level of 29. In combination with his Criminal History Category of IV, the guideline range was 121-151 months. I granted a § 5K1.1 motion and

reduced the sentence by 10% from the low end of the range and imposed a sentence of 108 months.

Under the 2011 Drug Table and the new conversion factor of 1 gram of crack cocaine equals 3,571 grams of marijuana, the drugs listed above result in a revised total drug quantity of 1,491 kilograms of marijuana equivalent. That quantity produces a revised Base Offense Level of 32 (1,000 to 3,000 kilograms of marijuana). There is no longer a 2-level reduction for calculations involving both crack cocaine and other drugs. After applying the 3-level decrease for acceptance, the Total Offense Level is 29, the same as when I sentenced him in 2008. Therefore his Guideline range remains 121-151 months. Since the revised range is the same point from which I measured the departure for the § 5K1.1 motion initially, Eisom would receive the same sentence now, and therefore does not qualify for a reduction under the amendment. Therefore his motions for appointment of counsel, treated also as motions to reduce sentence, are **DENIED**.

**SO ORDERED.**

**DATED THIS 18TH DAY OF NOVEMBER, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**